**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: _____

CELESTE SHAW, on behalf of herself and
all others similarly situated,

        Plaintiff,

v.

INTERTHINX, INC., a California Corporation;
VERISK ANALYTICS, Inc., a Delaware Corporation;
and, JEFFRY MOYER, an individual,

        Defendants.

_____

## COMPLAINT AND JURY DEMAND
_____

Plaintiff Celeste Shaw, on behalf of herself and all others similarly situated, by and through her attorneys, Rowdy Meeks Legal Group LLC and Schmitz Lewis PC, for her Complaint and Jury Demand, states and alleges as follows:

## <u>PARTIES</u>

1.     Plaintiff Celeste Shaw is an individual who currently resides in Colorado Springs, Colorado. Plaintiff Celeste Shaw brings this case as a collective action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act of 1938 ("FLSA") and as class action under Fed. R. Civ. P. 23.

2.     Plaintiff Celeste Shaw shall be referred to as "Plaintiff Shaw," "FLSA Named Plaintiff," "Colorado Overtime Class Representative," and/or "Colorado Bonus Class Representative."

3.      Defendant Interthinx, Inc. ("Interthinx") is a corporation organized under the laws of the State of California with its principal place of business in Agoura Hills, California. Interthinx does business in the State of Colorado and nationwide.

4.      Defendant Verisk Analytics, Inc. ("Verisk") is a corporation organized under the laws of the State of Delaware with its principal place of business in Jersey City, New Jersey. Upon information and belief, Verisk does business in Colorado and nationwide.  Upon information and belief, Interthinx is a wholly-owned subsidiary of Verisk.

5.      Defendant Jeffry Moyer ("Moyer") is an individual who, upon information and belief, is a resident of the State of California.  Moyer is the President of Interthinx.

6.      Interthinx, Verisk, and Moyer shall collectively be referred to as "Defendants."

## JURISDICTION AND VENUE

7.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA.

8.      This Court has supplemental jurisdiction for all claims asserted under Colorado state law in that the claims under these state laws are part of the same case and controversy as the FLSA claims, the state and federal claims derive from a common nucleus of operative facts, the state claims will not substantially dominate over the FLSA claims, and exercising supplemental jurisdiction would be in the interests of judicial economy, convenience, fairness, and comity.

9.      Independently, this Court has original jurisdiction over the Colorado state law claims pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332, in that the estimated damages involved in these claims will exceed $5,000,000 and the parties to this action are

2

residents of different states.

10.     The United States District Court for the District of Colorado has personal jurisdiction over Defendants because Defendants have substantial contacts with this District.

11.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), insomuch as Interthinx has offices, conducts business, and can be found in the District of Colorado, and the causes of action set forth herein have arisen and occurred in part in the District of Colorado. Venue is also proper under 29 U.S.C. §1132(e)(2) because Interthinx has substantial business contacts within the state of Colorado.

## GENERAL ALLEGATIONS

12.     Interthinx promotes itself as a "provider of comprehensive risk mitigation solutions focusing on mortgage fraud, collateral risk and valuation, regulatory compliance, forensic loan audit services, loss mitigation, and loss forecasting." *See* www.interthinx.com.

13.     On October 12, 2007, Interthinx acquired NIA Consulting, Ltd. ("NIA"), which became a division of Interthinx.  After the acquisition, NIA employees became employees of Interthinx.

14.     Interthinx employed, and continues to employ, Fraud Auditors, Analysts, and Underwriters (collectively "Fraud Detection Employees") throughout the United States.  The primary job responsibilities of Fraud Detection Employees are verifying the accuracy of mortgage loan documents, processing defaulted mortgage loan files, and auditing defaulted mortgage loans.

15.     Fraud Detection Employees (1) do not regularly supervise the work of two or

3

more employees, (2) do not exercise discretion and independent judgment as to matters of significance or perform office work related to Interthinx's general business operations or its customers, and (3) have no advanced knowledge in a field of science or learning which required specialized instruction that was required to perform the job.

16.     The Fraud Detection Employees are nonexempt under the FLSA and the applicable Colorado Minimum Wage Order ("Wage Order"), 7 CCR § 1103, as well as other state wage and hour laws nationwide.

17.     Interthinx pays its Fraud Detection Employees under the same or similar compensation structure.   Interthinx pays its Fraud Detection Employees a salary and commissions/nondiscretionary bonuses which are calculated as a percentage of the total revenue derived from the employee's review of mortgage loan files.

18.     Defendants classified, and continue to classify, all Fraud Detection Employees as exempt and, thus, not entitled to receive overtime compensation.   In particular, Interthinx functionally requires these employees to perform work well in excess of eight (8) hours per day and/or forty (40) hours per week but fails to pay them overtime by illegally classifying all such employees as exempt from overtime requirements.

19.     In fact, Interthinx required, and continues to require, its Fraud Detection Employees to review a certain minimum number of mortgage files per week.   Most Fraud Detection Employees must work in excess of forty (40) hours per week to meet this minimum production standard imposed by Interthinx, but they are not paid overtime for these hours.

20.     Moreover, Interthinx encourages its Fraud Detection Employees to review more

mortgage files than required by its minimum production standard.  As such, a significant contingent of Interthinx's Fraud Detection Employees works well in excess of forty (40) hours per week, and in many cases, in excess of sixty (60) hours per week.

21.     Interthinx failed, and continues to fail, to accurately record the actual time worked by all Fraud Detection Employees.  Interthinx could have, and can, easily and accurately record the actual time worked by all Fraud Detection Employees because, among other things, Fraud Detection Employees spent, and continue to spend, a significant amount of their work time at Interthinx's offices.

22.     In light of Interthinx's failure to accurately record time worked by all Fraud Detection Employees, Interthinx failed to provide accurate wage statements to all Fraud Detection Employees.

23.     Additionally, Interthinx has, on at least one occasion, retroactively changed the formula with which it calculates the Fraud Detection Employees' commissions/non-discretionary bonuses, resulting in Fraud Detection Employees not receiving significant earned, vested, and determinable commissions/nondiscretionary bonuses.

24.     Plaintiff Shaw is employed by Interthinx as a Fraud Detection Employee at its office in Colorado Springs, CO.  Plaintiff Shaw has been employed by Interthinx since January 28, 2008.

25.     Since she has been employed by Interthinx, Plaintiff Shaw routinely worked in excess of forty (40) hours per week and some weeks in excess of sixty (60) hours.

26.     Additionally, in April 2013, Interthinx informed Plaintiff Shaw that it was

changing the formula it used to calculate commissions/nondiscretionary bonuses.  Significantly, Interthinx informed Plaintiff Shaw that the new formula would apply to the calculation of her upcoming commission/nondiscretionary bonus payment, which included work performed before the formula change.

27.     This retroactive change in the formula resulted in nonpayment of more than $1,200 in earned commissions/nondiscretionary bonuses which Plaintiff Shaw was entitled to receive.

28.     Upon information and belief, Verisk exercised substantial control over the human resources and pay practices of Interthinx, along with its finances and operations, including, but not limited to, the formula and the manner with which Fraud Detection Employees were compensated by Interthinx.  In fact, Interthinx's employees received their pay checks from Verisk.  As such, Verisk is a joint employer of the Fraud Detection Employees and liable for Interthinx's illegal pay practices.

29.     Upon information and belief, Moyer is responsible for Interthinx's pay practices and exercises substantial control over its finances and operations.  As such, Moyer is individually liable for Interthinx's illegal pay practices.

30.     Defendants' illegal wage and hour practices are willful violations.  Among other things, Interthinx was previously sued in 2009 for similar wage and hour violations in a case entitled *Renata Gluzman, et al. v. Interthinx*, Case No. BC419743, Superior Court of California for the County of Los Angeles (August 13, 2009).

31.     On information and belief, Interthinx's Fraud Detection Employees also have

6

complained about the manner in which they were compensated, including the failure to be paid overtime compensation and the retroactive reduction of their earned commissions/nondiscretionary bonuses.

32.     Defendants have ignored the above lawsuit and complaints and failed to correct the manner in which Fraud Detection Employees are compensated, including refusing to pay them overtime compensation and their earned commissions/nondiscretionary bonuses.

33.     Interthinx's deliberate illegal classification of its Fraud Detection Employees as exempt from overtime requirements results in Interthinx willfully violating the FLSA, the Colorado Wage Act ("Wage Act"), Colo. Rev. Stat. §§ 8-4-101, *et seq*., and the applicable Colorado Wage Order, as well as other state wage and hour laws nationwide.

## FIRST CLAIM FOR RELIEF
### (Collective Action under § 216(b) of the Fair Labor Standards Act for Unpaid Overtime)

34.     Plaintiff Shaw hereby incorporates by reference the foregoing paragraphs of this Complaint.

35.     The FLSA Named Plaintiff brings this Complaint as a collective action pursuant to 29 U.S.C. § 216(b) of the FLSA seeking to recover all unpaid overtime compensation and related penalties and damages pursuant to the FLSA.

36.     The FLSA Named Plaintiff brings this collective action on behalf of herself and all current and former Fraud Detection Employees employed by Defendants who elect to opt into this action who are working or have worked for Defendants in the last three years nationwide and were classified as exempt and who have not been compensated at one and one-half times the

regular rate of pay for all services performed in excess of forty (40) hours per week.

37.     The number and identities of other plaintiffs yet to opt-in and consent to be party plaintiffs are currently unknown but may be determined from Interthinx's records.  Potential class members may easily and quickly be notified of the pendency of this action.

38.     Plaintiff Shaw consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).  Plaintiff Shaw's Consent to become a Party Plaintiff pursuant to 29 U.S.C. § 226(b) is attached as an exhibit.

39.     Two other Fraud Detection Employees have opted in this lawsuit and their Consents to become a Party Plaintiff are attached as exhibits.

40.     At all relevant times, Defendants have been, and continue to be, "employer[s]" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA.  At all relevant times, Defendants have employed, and/or continue to employ, "employee[s]," including Plaintiff Shaw and all other similarly situated current and former employees.  At all relevant times, Defendants have had gross operating revenues in excess of $500,000 which is the threshold test for the "enterprise" requirement under the FLSA.

41.     At all relevant times, Defendants have been, and continue to be, subject to the overtime pay requirements of the FLSA because their employees are engaged in interstate commerce, their employees are engaged in the production of goods for interstate commerce, and they are an enterprise engaged in commerce and the production of goods for interstate commerce.

42.     The FLSA requires each covered employer, such as Defendants, to compensate all

non-exempt employees for services performed and to compensate them at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty (40) hours per workweek. All commissions/nondiscretionary bonuses earned by the Fraud Detection Employees should be included in calculating their regular rate of pay under the FLSA.

43. Like the FLSA Named Plaintiff, Defendants employ or employed numerous other Fraud Detection Employees at locations throughout the United States. This includes, but is not limited to, the following positions: Fraud Auditor, Fraud Analyst, Processor, and Underwriter. All such positions are hereby referred to as the "putative representative action plaintiffs."

44. Defendants compensate or compensated the putative representative action plaintiffs as exempt employees under the FLSA and not entitled to receive overtime. Defendants compensate or compensated the putative representative action plaintiffs by paying them commissions/nondiscretionary bonuses and/or draws against commissions/nondiscretionary bonuses.

45. FLSA Named Plaintiff and putative representative action plaintiffs do not or did not perform job duties or tasks which permit them to be exempt from overtime compensation as required under the FLSA.

46. At all relevant times, Plaintiff and putative representative action plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA.

47. All putative representative action plaintiffs working for or who have worked for Defendants are similarly situated in that they shared common job duties and descriptions, and all were all subject to Defendants' policy which classified them as exempt and denied them

overtime for hours worked in excess of forty (40) hours per workweek, which violates the FLSA.

48.     Furthermore, all putative representative action plaintiffs are similarly situated in that they are or were all subject to Defendants' same compensation policy, plan, or procedure which requires or required them to perform work and/or requires or required them to be present at work while compensating them, at least in part, on a commission/non-discretionary bonus structure and/or draw against commission/non-discretionary bonus structure without paying them overtime.  This denies the putative representative action plaintiffs' compensation for services performed, and denies them their overtime compensation.

49.     Defendants failed to compensate Plaintiff and the putative representative action plaintiffs at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, and therefore, Defendants have violated, and continue to violate, the FLSA, including 29 U.S.C. § 207(a)(1).

50.     The foregoing conduct, as alleged herein including but not limited to being previously sued for the same violations alleged in this Complaint and ignoring complaints by employees regarding a failure to be paid overtime premiums, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

51.     FLSA Named Plaintiff, on behalf of herself and all similarly situated employees of Defendants who compose the putative representative action plaintiffs, seeks damages in the amount of all respective unpaid overtime compensations at a rate of one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and

equitable relief as the Court deems just and proper.

52.     Plaintiff, on behalf of herself and all similarly situated employees of Defendants who comprise putative representative action plaintiffs, seeks recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

53.     Defendants Verisk and Moyer are individually liable for the illegal pay practices of Interthinx.

**WHEREFORE**, the FLSA Named Plaintiff, on behalf of herself and all proposed putative representative action plaintiffs, prays for relief as follows for the First Claim for Relief of this Complaint:

a.     Designation of this action as a collective action on behalf of the proposed putative representative action plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative representative action plaintiffs (the FLSA opt-in class), apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consents to join pursuant to 29 U.S.C. § 216(b);

b.     Designation of Plaintiff Shaw as Representative Plaintiff of the putative representative action plaintiffs;

c.     Designation of Rowdy Meeks, Esq. of Rowdy Meeks Legal Group LLC and Paul F. Lewis, Esq., Michael D. Kuhn, Esq., and Andrew E. Swan, Esq. of Schmitz Lewis PC as the attorneys representing the putative representative action plaintiffs;

11

d.  A declaration that Defendants are financially responsible for notifying all FLSA class members of its alleged wage and hour violations;

e.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

f.  An award of damages for overtime compensation due to the FLSA Named Plaintiff and the putative representative action plaintiffs, including liquidated damages, to be paid by Defendants;

g.  Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

h.  Pre-Judgment and Post-Judgment interest, as provided by law; and,

i.  Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## SECOND CLAIM FOR RELIEF

**(Fed. R. Civ. P. 23 Class Action under the Colorado Wage Act and Wage Order for Unpaid Overtime Against Defendants Interthinx and Verisk)**

54.  Plaintiff Shaw hereby incorporates by reference the foregoing paragraphs of this Complaint.

55.  The Colorado Overtime Class Representative brings this claim as a class action pursuant to Fed. R. Civ. P. 23(b)(3), seeking to recover damages and related penalties pursuant to the Colorado Wage Act and Wage Order, on behalf of herself and the following class of persons:

> All current and former Fraud Auditors, Fraud Analysts, Processors, and Underwriter employees of Defendants who will, are, or have worked at Interthinx's office location in Colorado at any time during the last three years, who were subject to Defendants' unlawful compensation policies of failing to pay overtime compensation for all hours worked in excess of forty (40) per workweek.

56.    The members of one above class shall be referred to as the "Colorado Overtime Class Members."

57.    The Named Colorado Overtime Class Representative, individually and on behalf of the above Colorado Overtime Class Members, brings a class action based on the Colorado Wage Act and Wage Order.  These state law claims, if certified for class wide treatment, may be pursued by all similarly situated persons who do not opt-out of the class.

58.    At all relevant times, Defendants Interthinx and Verisk have been, and continue to be, "employer[s]" as defined under the Wage Act and Wage Order.  At all relevant times, Defendants Interthinx and Verisk have employed, and/or continue to employ, "employee[s]," including Plaintiffs and all similarly situated current and former employees.

59.    The Named Colorado Overtime Class Representative and the Colorado Overtime Class Members are all similarly situated in that they shared common job duties and descriptions, and all were all subject to Defendants' policy which classified them as exempt and denied them overtime for hours worked in excess of forty (40) hours per workweek, which violates the Colorado Wage Act and Wage Order.

60.    Defendants illegally classified the Named Colorado Overtime Class Representative and the Named Colorado Overtime Class Members as exempt, and thus failed to

pay the Colorado Overtime Class Representative and the Colorado Overtime Class Members the overtime required by Colorado law.

61.     In particular, the Colorado Minimum Wage Order requires that Defendants pay their non-exempt, hourly employees time and one-half their regular rate of pay for all hours worked in excess of forty (40) hours per workweek, all hours worked in excess of twelve (12) hours in any workday, and all hours worked more than twelve (12) consecutive hours regardless of the work day, whichever calculation results in the greater payment of wages.

62.     The Named Colorado Overtime Class Representative and the Colorado Overtime Class Members are non-exempt employees entitled to be paid overtime compensation for all hours which qualify under the Wage Order.

63.     Interthinx's conduct denies such persons overtime pay and is a direct violation of the Colorado Wage Act and Wage Order.

64.     Because Defendants failed to properly pay overtime as required by Colorado law, the Named Colorado Overtime Class Representative and the Colorado Overtime Class Members are entitled to all overtime compensation due to them at a rate of one and one-half times their regular rate of pay for all overtime hours worked in the past three years and reasonable attorneys' fees.

65.     Defendant Verisk is individually liable for the illegal pay practices of Interthinx.

66.     Class certification of this claim for violations of the Colorado Wage Act and Wage Order is appropriate pursuant to Fed. R. Civ. P. 23 in that:

14

a. The Named Colorado Overtime Class Representative's state law claims satisfy the numerosity standards of a class action.  The persons in the Colorado Overtime Class identified above are so numerous that joinder of all members is impractical. Although the precise number of potential class members is unknown to the Colorado Overtime Class Representative, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are at least fifty (50) Colorado Overtime Class Members;

b. There are questions of law and fact arising in this action which are common to the Named Colorado Overtime Class Representative and the Colorado Overtime Class Members, including:

    i. Whether Defendants Interthinx and Verisk employed the Colorado Class Overtime Members within the meaning of the Colorado Wage Act and Wage Order;

    ii. Whether Defendants Interthinx's and Verisk's policies and practices described within this Complaint are illegal;

    iii. Whether Defendants Interthinx and Verisk failed to pay the Colorado Overtime Class Members overtime premiums for all of the hours worked in excess of forty (40) hours per workweek;

    iv. Whether Colorado Overtime Class Members are paid for all of the time they work;

v.   Whether Defendants Interthinx and Verisk failed to pay appropriate overtime premiums to the Colorado Overtime Class Members in violation of the Wage Act and Wage Order;

vi.   Whether Defendants Interthinx and Verisk included in the Colorado Overtime Class Members regular rate of pay for overtime computation purposes all commissions/non-discretionary bonuses and other compensation;

vii.   Whether Defendants Interthinx and Verisk classified the Colorado Overtime Class Members as exempt;

viii.   Whether Defendants Interthinx and Verisk maintain accurate records of the time the Colorado Overtime Class Members work;

ix.   Whether Defendants Interthinx's and Verisk's actions were willful; and,

x.   Whether Defendants Interthinx and Verisk are liable for all damages claimed hereunder, including, but not limited to, compensatory, punitive and statutory damages, interest, costs, and attorneys' fees.

c.   The Named Colorado Overtime Class Representative's claims are typical of the claims of the Colorado Overtime Class Members.   The Named Colorado Overtime Class Representative was paid under the same policy and procedure as all members of the class.   The Named Colorado Overtime Class Representative and all members of the class were victims of the same wrongful conduct engaged by Defendants in violation of the Colorado Wage Act and Wage Order;

16

d.   The Named Colorado Overtime Class Representative will fairly and adequately protect the interests of the members of the class;

e.   The Named Colorado Overtime Class Representative has retained counsel who are competent and experienced in class action and complex litigation involving compensation claims;

f.   The Named Colorado Overtime Class Representative has no interests which are adverse to or in conflict with other Colorado Overtime Class Members;

g.   Class certification of the respective class is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to class members predominate over any questions affecting only individual members and a class action is the superior procedural vehicle for the fair and efficient adjudication of the claims asserted herein given that:  (a) there is minimal interest of members of this class in individually controlling their prosecution of claims under the Wage Act and Order; (b) it is desirable to concentrate all the litigation of these claims in this forum; and (c) there are no unusual difficulties likely to be encountered in the management of this case as a class action;

h.   In the absences of a class action, Defendants would be unjustly enriched because they would be able to retain the benefits and fruits of the wrongful violation of the Colorado Wage Act and Wage Order; and,

i.   The class action mechanism is superior to any alternatives which might exist for the fair and efficient adjudication of this cause of action.  Proceeding as a class

action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort, and judicial resources. A class action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate. Moreover, class treatment is the only realistic means by which plaintiffs can effectively litigate against large, well-represented corporate defendants. Numerous repetitive individual actions would also place an enormous burden on the courts as they are forced to take duplicative evidence and decide the same issues relating to Defendants' conduct over and over again.

**WHEREFORE**, the Named Colorado Overtime Class Representative, on behalf of herself and the Colorado Overtime Class Members, prays for relief as follows for the Second Claim for Relief of this Complaint:

a.   Designation of this action as a class action under Fed. R. Civ. P. 23 on behalf of the Colorado Overtime Class Members and issuance of notice to all Colorado Overtime Class Members, apprising them of the pendency of this action;

b.   Designation of the Named Colorado Overtime Class Representative as Representative Plaintiff of the Colorado Overtime Class Members;

c.   A declaration that Defendants are financially responsible for notifying all Colorado Overtime Class Members of their alleged wage and hour violations;

d.    Designation of Rowdy Meeks, Esq. of Rowdy Meeks Legal Group LLC and Paul F. Lewis, Esq., Michael D. Kuhn, Esq., and Andrew E. Swan, Esq. of Schmitz Lewis PC as the attorneys representing the Colorado Overtime Class Members;

e.    A declaratory judgment that the practices complained of herein are unlawful under the Colorado Wage Act and Wage Order;

f.    An injunction against Defendants Interthinx and Verisk, and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

g.    An award of damages for overtime compensation due to the Named Colorado Overtime Class Representative and the Colorado Overtime Class Members, including any penalty damages allowed under Colorado law, to be paid by Defendants Interthinx and Verisk;

h.    An award of costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

i.    Pre-Judgment and Post-Judgment interest, as provided by law; and,

j.    Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

### THIRD CLAIM FOR RELIEF

**(Fed. R. Civ. P. 23 Class Action under the Colorado Wage Act for Unpaid Commissions/Nondiscretionary Bonuses Against Defendants Interthinx and Verisk)**

67.     Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint.

68.     The Named Colorado Bonus Class Representative brings this claim as a class action pursuant to Fed. R. Civ. P. 23(b)(3), seeking to recover damages and related penalties pursuant to the Colorado Wage Act, on behalf of herself and the following class of persons:

> All current and former Fraud Auditors, Fraud Analysts, Processors, and Underwriter employees of Defendants who will, are, or have worked at Interthinx's office location in Colorado at any time during the last three years, who were subject to Defendants' unlawful compensation policies of failing to pay all earned, vested, and determinable commissions/nondiscretionary bonuses.

69.     The members of the above class shall be referred to as the "Colorado Bonus Class Members."

70.     The Named Colorado Bonus Class Representative, individually and on behalf of the above Colorado Bonus Class Members, brings a class action against Defendants Interthinx and Verisk based on the Colorado Wage Act.  This state law claim, if certified for class wide treatment, may be pursued by all similarly situated persons who do not opt-out of the class.

71.     The Named Colorado Bonus Class Representative and the Colorado Bonus Class Members are all similarly situated in that they shared common job duties and descriptions and all were all subject to Defendants Interthinx and Verisk' policy which violated the Colorado Wage Act by retroactively changing their compensation structure, denying them earned, vested, and determinable commissions/nondiscretionary bonuses.

72.     Defendants failed to pay all earned, vested, and determinable commissions/nondiscretionary bonuses to the Named Colorado Bonus Class Representative and the Colorado Bonus Class Members.

73.     Interthinx's deliberate and illegal retroactive change to its commissions/non-discretionary bonuses structure resulted in Defendants Interthinx and Verisk violation of the Wage Act, as well as other state labor laws nationwide.

74.     Because Defendants Interthinx and Verisk failed to properly pay all earned, vested, and determinable commissions/nondiscretionary bonuses, the Named Colorado Bonus Class Representative and the Colorado Bonus Class Members are entitled to all due commissions/nondiscretionary bonuses plus reasonable attorneys' fees.

75.     Class certification of this claim for violation of the Colorado Wage Act is appropriate pursuant to Fed. R. Civ. P. 23 in that:

    a.      The Named Colorado Bonus Class Representative's state law claim satisfies the numerosity standards of a class action.  The persons in the Colorado Bonus Class identified above are so numerous that joinder of all members is impractical. Although the precise number of potential class members is unknown to the Named Colorado Bonus Class Representative, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are at least fifty (50) Colorado Bonus Class members;

b.    There are questions of law and fact arising in this action which are common to the Named Colorado Bonus Class Representative and the Colorado Bonus Class Members, including:

    i.   Whether Defendants employed the Colorado Bonus Class Members within the meaning of the Colorado Wage Act;

    ii.   Whether Defendants' policies and practices described within this Complaint were illegal;

    iii.   Whether Defendants, by retroactively changing its compensation structure, failed to pay the Colorado Bonus Class Members all earned, vested, and determinable commissions/nondiscretionary bonuses;

    iv.   Whether Colorado Class Members were paid for all of the time they work; and,

    v.   Whether Defendants are liable for all damages claimed hereunder, including, but not limited to, compensatory, punitive and statutory damages, interest, costs, and attorneys' fees.

c.    The Named Colorado Bonus Class Representative's claims are typical of the claims of the Colorado Bonus Class Members.  The Named Colorado Bonus Class Representative was paid under the same policy and procedure as all members of the class.  The Named Colorado Bonus Class Representative and all members of the class were victims of the same wrongful conduct engaged by Defendants in violation of the Colorado Wage Act;

d.     The Named Colorado Bonus Class Representative will fairly and adequately protect the interests of the members of the class;

e.     The Named Colorado Bonus Class Representative has retained counsel who is competent and experienced in class action and complex litigation involving compensation claims;

f.     The Named Colorado Bonus Class Representative has no interests which are adverse to or in conflict with other Colorado Bonus Class Members;

g.     Class certification of the respective class is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to class members predominate over any questions affecting only individual members and a class action is the superior procedural vehicle for the fair and efficient adjudication of the claims asserted herein given that:  (a) there is minimal interest of members of this class in individually controlling their prosecution of claims under the Wage Act; (b) it is desirable to concentrate all the litigation of these claims in this forum; and, (c) there are no unusual difficulties likely to be encountered in the management of this case as a class action;

h.     In the absences of a class action, Defendants would be unjustly enriched because they would be able to retain the benefits and fruits of the wrongful violation of the Colorado Wage Act; and,

i.     The class action mechanism is superior to any alternatives that might exist for the fair and efficient adjudication of this cause of action.  Proceeding as a

class action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort, and judicial resources. A class action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate. Moreover, class treatment is the only realistic means by which plaintiffs can effectively litigate against large, well-represented corporate defendants. Numerous repetitive individual actions would also place an enormous burden on the courts as they are forced to take duplicative evidence and decide the same issues relating to Defendants' conduct over and over again.

**WHEREFORE**, the Named Colorado Bonus Class Representative, on behalf of herself and the Colorado Bonus Class Members, prays for relief as follows for the Third Claim for Relief of this Complaint:

a.  Designation of this action as a class action under Fed. R. Civ. P. 23 on behalf of the Colorado Bonus Class Members and issuance of notice to all Colorado Bonus Class Members, apprising them of the pendency of this action;

b.  Designation of the Named Colorado Bonus Class Representative as Representative Plaintiff of the Colorado Bonus Class Members;

c.  A declaration that Defendants are financially responsible for notifying all Colorado Bonus Class Members of their alleged wage violations;

d.      Designation of Rowdy Meeks, Esq. of Rowdy Meeks Legal Group LLC and Paul F. Lewis, Esq., Michael D. Kuhn, Esq., and Andrew E. Swan, Esq. of Schmitz Lewis PC as the attorneys representing the Colorado Bonus Class Members;

e.      A declaratory judgment that the practices complained of herein are unlawful under the Colorado Wage Act;

f.      An injunction against Defendants Interthinx and Verisk, and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

g.      An award of damages for all unpaid earned, vested, and determinable commissions/nondiscretionary bonuses due to the Name Colorado Bonus Class Representative and the Colorado Bonus Class Members, including any penalty damages allowed under Colorado law, to be paid by Defendants Interthinx and Verisk;

h.      An award of costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

i.      Pre-Judgment and Post-Judgment interest, as provided by law; and,

j.      Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she and all members of the proposed representative action have a right to jury trial.

DATED this 9th day of May, 2013.

ROWDY MEEKS LEGAL GROUP LLC

*/s/ Rowdy B. Meeks*
Rowdy B. Meeks, Esq.
435 Nichols Road, Suite 200
Kansas City, Missouri 64112
Phone:  (816) 977-2741
Fax:      (816) 875-5069
Email:  rowdy.meeks@rmlegalgroup.com
www.rmlegalgroup.com

-and-

Paul F. Lewis, Esq.
Michael D. Kuhn, Esq.
Andrew E. Swan, Esq.
**SCHMITZ LEWIS PC**
620 North Tejon Street, Suite 101
Colorado Springs, CO 80903
Phone:  (719) 439-2934
Fax:      (866) 515-8628
Email:  plewis@schmitzlewis.com
            mkuhn@schmitzlewis.com
            aswan@schmitzlewis.com

*Attorneys for Plaintiffs*

Named Plaintiff's Address:

4615 Flintridge Drive
Colorado Springs, CO 80918