IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-01229-REB-BNB

CELESTE SHAW, and
JUDITH VERHEECKE, on behalf of herself and all others similarly situated,

Plaintiffs,

v.

INTERTHINX, INC., a California corporation,
VERISK ANALYTICS, INC., a Delaware corporation, and
JEFFREY MOYER, an individual,

Defendants.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND ORDER
_____

This matter arises on the following:

(1) **Plaintiffs' Motion to Compel Defendants Interthinx and Verisk to Produce Documents** [Doc. # 141, filed 11/26/2013] (the "Motion to Compel");

(2) **Plaintiffs' Motion to File Reply** [Doc. # 161, filed 1/6/2014] (the "Motion to Reply");

(3) **Plaintiffs' Unopposed Motion to Amend Scheduling Order** [Doc. # 144, filed 12/3/2013] (the "First Motion to Amend Scheduling Order"); and

(4) **Joint Motion to Modify Deadlines Established By Scheduling Order** [Doc. # 164, filed 1/9/2014] (the "Second Motion to Amend Scheduling Order").

I held a hearing on the motions this morning and made rulings on the record, which are incorporated here.

This action arises under the Fair Labor Standards Act. The plaintiffs seek to have it certified as a collective and class action. Motions for conditional certification of a collective action and for certification of a class action are pending. In addition, the defendants filed a Motion to Strike Consent-To-Sue Forms [Doc. # 64], which also is pending.

Following a scheduling conference, the district judge set the case for a 24 day trial beginning June 2, 2014.

It is apparent that the case cannot reasonably be ready for trial by June 2, 2014. At a minimum, in the event the district judge certifies a collective and/or class action, the plaintiffs must obtain the identities of other potential collective or class action plaintiffs; give them notice of suit and an opportunity to opt-in; the defendant will likely file a motion to decertify the collective action; additional discovery must be conducted; and dispositive motions will be filed and must be briefed and decided. A continuance of the trial date is necessary, in view of the pending motions, the complexity of the case, and the work still to be completed in order for the case to be ready for trial.

I respectfully RECOMMEND[1] that the Trial Preparation Conference Order [Doc. # 62] be amended as follows:

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

(1)     The trial preparation conference and final pretrial conference set for May 16, 2014, at 2:30 p.m., and the trial set to begin on June 2, 2014, be VACATED; and

(2)     The deadline for filing motions raising issues under Fed. R. Evid. be extended to and including July 1, 2014.

In addition, IT IS ORDERED:

(1)     The Motion to Reply [Doc. # 161] is GRANTED, and the Clerk of the Court is directed to accept for filing Plaintiffs' Reply [Doc. # 161-1];

(2)     The Motion to Compel [Doc. # 141] is GRANTED IN PART and DENIED IN PART as stated on the record.  The defendants shall make supplemental discovery responses consistent with this order and in compliance with the formalities of the Federal Rules of Civil Procedure on or before February 14, 2014; and

(3)     The First Motion to Amend Scheduling Order [Doc. # 144] and Second Motion to Amend Scheduling Order [Doc. # 164] are GRANTED as specified, and the Scheduling Order is modified as follows:[2]

> Discovery Cut-Off:            July 1, 2014
>
> (All discovery must be completed by the discovery cut-off.  All written discovery must be served so that responses are due on or before the discovery cut-off.)
>
> Dispositive Motions Deadline:     August 1, 2014

---

[2]The modified case schedule is contingent on the district judge adopting my recommendation that the pretrial conference and trial date be vacated.

3

Expert Disclosures:

(a)     The parties shall designate all experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before April 1, 2014

(b)     The parties shall designate all rebuttal experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before May 1, 2014

Dated January 17, 2014.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge