**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No.: 13-cv-01229-REB-BNB

CELESTE SHAW;
JUDITH VERHEECKE;
SHABNAM SHEILA DEHDASHTIAN;
MEDHAT GAREEB; and
DEJAN NAGL on behalf of themselves and all others similarly situated,

      Plaintiffs,

v.

INTERTHINX, INC., a California Corporation; and
VERISK ANALYTICS, INC., a Delaware Corporation,

      Defendants.

**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION
FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE
ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASSES**

**Blackburn, J.**

The matter before me is **Plaintiffs' Unopposed Motion for Preliminary Approval of Class and Collective Action Settlement and Certification of Settlement Classes** [#233],[1] filed November 4, 2014.  Having reviewed and considered the motion, the Joint Stipulation of Settlement and Release between plaintiffs and defendants (the "Settlement Agreement"), the proposed Notices, and the pertinent portions of the entire record in this litigation to date, I hereby grant the motion, certify the proposed settlement classes, grant preliminary approval of the settlement, and set this matter for a final fairness hearing.

---

[1] "[#233]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

## I. BACKGROUND

On October 7, 2014, named plaintiffs Celeste Shaw, Judith Verheecke, Shabnam Sheila Dehdashtian, Medhat Gareeb, and Dejan Nagl, filed a **Second Amended Complaint and Jury Demand** [#225] against defendants Interthinx, Inc., and Verisk Analytics, Inc., alleging claims on behalf of themselves and all others similarly situated. The Second Amended Complaint alleges specifically that defendants violated a number of California, Colorado, Missouri, and federal wage and hour laws by, among other things, failing to pay Auditors and Underwriters ("AUs") overtime compensation.

Since commencement of this case, counsel for the parties have exchanged thousands of pages of documents; taken and defended multiple depositions; filed and responded to numerous motions; served and responded to discovery (and filed and responded to motions concerning that discovery); attended hearings and other court appearances; and mediated with an experienced class action mediator. These efforts have resulted in the parties agreeing to the Settlement Agreement, attached as Exhibit 1 to Exhibit A to the motion.

## II. SETTLEMENT CLASS CERTIFICATION

The Settlement Agreement resolves claims of four proposed settlement classes of AUs employed by Interthinx: (a) those employed in Colorado between May 9, 2010, and June 30, 2014 ("Colorado Class"); (b) those employed in California between June 28, 2009, and June 30, 2014 ("California Class"); (c) those employed in Missouri between May 9, 2010, and June 30, 2014 ("Missouri Class"); and (d) those employed in any other state between May 9, 2010, and June 30, 2014 and who are not members of

the California, Colorado, or Missouri Classes ("FLSA Class") (collectively, the "Settlement Classes").

Having considered the arguments and authorities presented, I find and conclude that the proposed parameters of the classes are appropriate. Moreover, the proposed settlement classes are appropriate for class certification for settlement purposes only. The California, Missouri, and Colorado classes all satisfy the prerequisites of Fed. R. Civ. P. 23(a). The classes include numerous individuals, making joinder of the individual claims impracticable. The named plaintiffs' claims are typical of the class members' claims. All class members were subject to defendants' alleged pay practices, including the alleged failure to pay overtime compensation. The named plaintiffs are adequate class representatives and have no conflicts with the class members, and their counsel have significant experience litigating wage and hour class actions. Finally, there are issues common to the class members, including, without limitation (1) whether Interthinx correctly classified its AUs as exempt from overtime; and (2) whether Interthinx regularly required its AUs to work overtime hours. I will, therefore, certify the California Class, Colorado Class, and California Class for the purpose of effectuating the settlement only.

Additionally, the FLSA class satisfies the prerequisites to certify a collective action under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA") for settlement purposes. This litigation involves a bona fide dispute; the proposed settlement is fair and equitable to all parties as set out below; and the proposed settlement contains a reasonable award of attorneys' fees. I therefore will certify the FLSA Class for the purpose of effectuating the settlement only.

### III.  PRELIMINARY APPROVAL OF THE SETTLEMENT

The Settlement Agreement appears, on preliminary review, to be fair, reasonable, and adequate.  The Settlement Agreement is the product of intensive, arm's-length negotiations involving experienced counsel who are well-versed in employment law, class action litigation procedures, and the legal and factual issues of this case.

Sufficient disputed questions of law and material fact exist that make the outcome of a trial on the merits uncertain.  The settlement avoids the time and expense of continuing this litigation for an indeterminate period of time, with attendant risks, costs, and delay for both sides.

Moreover, the value of the proposed settlement appears reasonable given the possible outcome of protracted and expensive litigation.  The settlement provides a maximum settlement amount of $6,000,000, plus a payment of the employer's share of payroll taxes.  If the court approves all requested payments provided in the Settlement Agreement for attorneys' fees ($2,000,000), litigation costs (less than $95,000), service payments to the named and deposed opt-in plaintiffs ($55,000 total), administrative costs of the Settlement Administrator (estimated by proposed Settlement Administrator Dahl to be no more than $20,000), and a payment to the State of California Labor and Workforce Development Agency ("LWDA") ($20,000), then a total of $2.19 million will be deducted from the Settlement Amount, leaving a maximum net settlement amount $3.81 million – that is, $6 million (the maximum settlement amount) minus $2.19 million (in requested payments).  Pursuant to the terms of the Settlement Agreement, the minimum amount to be distributed to class members is 75% of the net settlement

amount, or $2,857,500. The minimum total settlement value, therefore, is $5,047,500 [$2,857,500 + $2,190,000].

The parties and their attorneys, who are very experienced in wage and hour class action, believe that the settlement is fair and adequate, and recommend that the settlement be preliminarily approved. On preliminary review, the court agrees that the settlement appears fair and reasonable to class members in light of the risks of further litigation.

### IV.  NOTICE

Proposed notice and claim forms to be mailed to the class members are attached as Exhibits A and B to the Settlement Agreement. I find that the proposed notices adequately inform Settlement Class members of the following: (1) the nature of this class action lawsuit; (2) the definitions of the proposed classes; (3) the subject matter of the Settlement Class members' claims; (4) the option to appear through an attorney if the Settlement Class member so desires; (5) the right to be excluded from the Settlement Class on timely request for exclusion; (6) the time and manner for requesting exclusion; (7) the terms of the settlement, including information about the Settlement Class members' right to obtain a copy of the Settlement Agreement; (8) the right of any Settlement Class member to object to the proposed settlement, and the deadline for any such objections; and (9) the binding effect of the settlement on Settlement Class members who do not elect to be excluded from the Settlement Class.

Pursuant to the terms of the Settlement Agreement, Interthinx will send class contact information to the Settlement Administrator within 14 calendar days after preliminary approval. The Settlement Administrator will then run a National Change of

Address search and send the Notice to all Class Members.  The Settle\ment Administrator will also send a reminder postcard to Class Members who have not responded.

I find and conclude that the form and manner of delivery and publication of the notices meets the requirements of Fed. R. Civ. P 23, the FLSA, and due process; that the notice plan constitutes the best notice practicable under the circumstances; and the notice shall constitute due and sufficient notice to all Settlement Class members.

## V.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That **Plaintiffs' Unopposed Motion for Preliminary Approval of Class and Collective Action Settlement and Certification of Settlement Classes** [#233], filed November 4, 2014, is **GRANTED**;

2. That the California, Colorado, Missouri, and FLSA Classes are **CERTIFIED** pursuant to 29 U.S.C. § 206 and Fed. R. Civ. P. 23(a) and 23(b)(3), for settlement purposes only and are **DEFINED** as set forth in this order;

3. That plaintiff, Celeste Shaw, is **APPOINTED** class representative for the Colorado Class; that plaintiff, Judith Verheecke, is **APPOINTED** class representative for the Missouri Class; that plaintiffs, Shabnam Sheila Dehdashtian, Medhat Gareeb, and Dejan Nagl, are **APPOINTED** class representatives for the California Class; and that plaintiffs, Celeste Shaw, Judith Verheecke, Shabnam Sheila Dehdashtian, Medhat Gareeb, and Dejan Nagl, are **APPOINTED** class representatives for the FLSA Class;

4. That plaintiffs' counsel are **APPOINTED** class counsel for the California,

Colorado, Missouri, and FLSA Classes;

5. That the Settlement Agreement is **APPROVED PRELIMINARILY** as being fair, adequate, and reasonable;

6. That the form and content of the notice and claim forms, attached to the Settlement Agreement as Exhibits A and B, are **APPROVED** as reasonable and adequate;

7. That Dahl Administration, LLC, is **APPOINTED** as Settlement Administrator of the Settlement Classes and **SHALL COMPLETE**, to the extent reasonably practicable, the mailing of the notice and claim forms in accordance with the terms of the Settlement Agreement;

8. That the parties **SHALL FILE** motions in support of final approval of the settlement, and class counsel shall file their motion for an award of attorney fees, expense reimbursements, and incentive award payment for plaintiffs within **twenty-one (21) days** after the end of the claims period;

9. That any member of the Settlement Classes who wishes to object to or comment on the proposed class settlement, or to object to class counsels' request for attorneys fees, expenses reimbursement, or incentive awards to plaintiffs, **MUST POSTMARK** and **MAIL** such objections or comments to the court, class counsel, and defendants' counsel no later than **fifty-two (52) days** after the Settlement Administrator originally mails the Notice and Claim Form to class members, as contemplated by the terms of the Settlement Agreement;

10. That within **fourteen (14) days** of the deadline for class members to submit

objections, class counsel and defendants **MAY FILE** a response to any objection or comment pursuant to the terms of the Settlement Agreement;

11. That any member of the Settlement Classes who wishes to be excluded from the settlement **MUST POSTMARK** and **MAIL** the exclusion no later than **fifty-two (52) days** after the Settlement Administrator originally mails the Notice and Claim Form to class members, pursuant to the terms of the Settlement Agreement; and

12. That a hearing to consider final approval of the proposed settlement, and class counsels' requests for fees, expense reimbursement, and incentive award payment **IS SET** for **Friday, April 3, 2015**, at **11:00 a.m. MDT**, the court reserving **one (1) hour**, if necessary, for the hearing; the purpose of the final fairness hearing will be to determine whether the Settlement Agreement is fair, adequate, and reasonable, whether plaintiffs and their attorneys' application for an award of attorney fees, expense reimbursements, and incentive award payments should be approved, and whether the court should enter a final order and judgment approving the Settlement Agreement, dismissing and releasing claims identified therein with prejudice, and dismissing the remaining claims without prejudice.

Dated November 21, 2014, in Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge